NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATHY MCDONALD, | No. 15-73525 |
| Petitioner, | BRB No. 2014-0400 |
| v. | |
| NAVY EXCHANGE SERVICE COMMAND, *et al.*, | MEMORANDUM [*] |
| Respondents. | |

On Petition for Review of an
Order of the Benefits Review Board

Submitted May 15, 2017[**]
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,[***] District Judge.

Petitioner Cathy McDonald petitions for review of a Decision and Order of

the Benefits Review Board (the "Board") largely affirming the Administrative Law

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Judge's ("ALJ") Attorney's Fee Order in a case arising under the Longshore and Harbor Workers' Compensation Act (the "Longshore Act"). We have jurisdiction under 33 U.S.C. § 921(c), and we deny McDonald's petition for review.

The Board must accept the ALJ's findings "unless they are contrary to law, irrational, or unsupported by substantial evidence in the record considered as a whole." *Marine Power & Equip. v. Dep't of Labor*, 203 F.3d 664, 667 (9th Cir. 2000). We, in turn, review the Board for "errors of law and for adherence to the statutory standard governing the [Board's] review." *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010) (internal citation omitted). "[W]e will not disturb the decision of an ALJ because of a harmless error." *Id.*

McDonald argues that the Board acted arbitrarily and capriciously and abused its discretion in upholding the ALJ's calculation of her attorney, Matthew Witteman's, attorney's fee pursuant to 33 U.S.C. § 928(a). McDonald makes two primary arguments. The first is that the Board erred in affirming the ALJ's decision setting Witteman's hourly rate at $305, because the ALJ disregarded critical evidence, rejected other evidence in a way that violated his duty of impartiality, and applied an inaccurate view of the law. The second is that the Board erred by upholding the ALJ's disallowance of approximately 40 percent of Witteman's claimed hours, because the ALJ applied an inaccurate view of the law, made clearly

erroneous findings of fact, and failed to explain his reasoning with the required level of specificity.

We reject McDonald's contentions of error. The record supports the Board's Decision that Witteman did not carry his burden of establishing that his proposed rate of $400 was "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009). The Board correctly held that the ALJ acted within his discretion by relying upon the rate set in *Estate of V.P. v. APM Terminals*, ALJ No. 2008-LHC-00842 (Dep't of Labor Aug. 18, 2009) (ALJ Berlin), and adjusting that rate to take into account the different markets at issue and the overall economic landscape at the time the attorney's fees were incurred. *See Christensen*, 557 F.3d at 1055.

Further, in calculating a fee applicant's lodestar, a court has discretion to exclude hours that were not "reasonably expended" by counsel. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). There is no "precise rule or formula" for doing so. *Id.* at 436. However, "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection," and judges may therefore "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). With this in mind, we agree with the Board that the ALJ acted within his discretion in cutting

Witteman's claimed hours. We also agree that the ALJ was within his right to disallow the hours that Witteman claimed for his "Reply to Opposition to Fee Application," which greatly exceeded the scope of Witteman's "Amended Application for Attorneys' Fees and Costs," and, in any event, failed to establish a reasonable hourly rate. The Board also properly affirmed the ALJ's decision to sustain the Respondents' objections to 49 of Witteman's individual time entries. Although these cuts may have amounted to more than a "haircut," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008), the ALJ provided a sufficient explanation of why the cuts were appropriate in light of the concerns articulated about Witteman's timekeeping.

**PETITION FOR REVIEW DENIED.** Each party shall bear its own costs of this appeal.